IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


BRENDA L. BROWN                                                                    PLAINTIFF

vs.                                    Civil No. 4:04-cv-04075

MICHAEL J. ASTRUE [1]
Commissioner, Social Security Administration                       DEFENDANT


## ORDER

Pending now before this Court is Plaintiff's Attorney's Motion for Award of Attorney's Fees

Pursuant to 42 U.S.C. § 406(b).  (Doc. No. 8).[2]  This motion was filed on July 3, 2009.  The

Defendant filed his response on July 16, 2009 and has no objections.  (Doc. No. 10).  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  (Doc. No. 5).  Pursuant to this authority, the Court issues this Order.

**Background:**

Brenda Brown ("Plaintiff") appealed to this Court from the Commissioner of the Social

Security Administration's ("Commissioner") denial of her request for Disability Insurance Benefits.

("DIB") and Supplemental Security Income ("SSI").  (Doc. No. 1).  On April 14, 2005, the

Honorable Judge Bobby E. Shepherd reversed and remanded Plaintiff's case to the ALJ pursuant to

sentence four of 42 U.S.C. § 405(g).  (Doc. No. 7).  Following remand, the Commissioner entered

a decision fully favorable to the Plaintiff.   (Doc. No. 8).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

The Plaintiff was awarded a total of $50,334.00 in past-due benefits. (Doc. No. 8). The Plaintiff's attorney states the Commissioner has withheld $8,583.50.00 for the payment of attorney's fees. (Doc. No. 8). The Plaintiff's attorney seeks approval before this court for an attorney fee award of $5,722.00. (Doc. No. 8). This attorney fee request is for 25.00 hours he asserts were devoted to the representation of Plaintiff before this Court. (Doc. No. 8). Plaintiff's attorney requests the remaining $2,861.50 that is being withheld be awarded to Plaintiff. (Doc. No. 8).

The Plaintiff's attorney has also filed his contingency fee agreement with Plaintiff reflecting a 25 percent contingency fee if a "claim is awarded by the Appeals Council or by a Federal Court or following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 8-1). The Commissioner responded to this motion and does not object to the attorney fee request of Plaintiff. Defendant points out that Plaintiff's requested fee is less than 25% of Plaintiff's past due benefits. (Doc. No. 10).

**<u>Applicable Law:</u>**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of a claimant before the court. This fee must not be in excess of 25% of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the claimant's past-due benefits. *See id.* A court, however, is not authorized to approve a fee for time spent in the representation of a claimant at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services

2

performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodestar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *See id.* The Supreme Court has, however, abrogated *Cotter* and has held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *See id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

When considering a fee award, the court must balance two important policy concerns. On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases, particularly when the attorney faces a risk of nonpayment. *See Wallace v. Barnhart*, 2004 WL 883447, *3 (N.D.Iowa,2004). If remuneration is insufficient, then deserving claimants will be unable to find counsel. *Id. quoting McDonald v. Apfel*, 2000 WL 744115 *1 (W.D.Mo. June 8,

3

2000). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award.

In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983). These factors are generally accepted as relevant to determining the reasonableness of requested fees in social security disability cases. *McDonald v. Secretary of Health and Human Services*, 884 F.2d 1468, 1473 (1st Cir. 1989). Finally, plaintiff's attorney has the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. 789 at 807.

**Discussion:**

The Plaintiff's attorney asserts that he has spent 25.00 hours in the representation of Plaintiff before this Court. (Doc. No. 9). The contingency fee agreement between Plaintiff and Plaintiff's attorney reflects Plaintiff agreed to pay her attorney 25 percent of the past-due benefits awarded if a claim is awarded "following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 8-1). Twenty-five percent of the Plaintiff's past-due benefits is $12,583.50. The Plaintiff's attorney seeks approval before this court for an attorney fee award of $5,722.00. (Doc. No. 8). Plaintiff has previously received a fee of $4,000.00. Plaintiff's attorney

4

requests the remaining $2,861.50 that is being withheld be awarded to Plaintiff. (Doc. No. 8). Plaintiff's total fee being requested on this matter is less than 25 percent of Plaintiffs's past due benefits.  Defendant has no objections to this award and considers it reasonable. .  (Doc. No. 10).

Balancing the Court's duty to protect the Plaintiff's disability award against a fee that is substantial enough to encourage attorney's to accept social Security cases, and considering the factors listed above, the Court does not believe that the contingent-fee agreement here or the $5,722.00 requested by Plaintiff's counsel produces an "unreasonable fee."  Lawyers representing social security claimants are entitled to be paid reasonable compensation for their work as much as lawyers performing other types of legal work.  *See id.*  After consideration of the factors outlined above, I find the requested fee of $5,722.00, based on the contingent fee agreement between the Plaintiff and Plaintiff's counsel, is reasonable.

**Conclusion:**

Pursuant to 42 U.S.C. § 406(b), this Court approves an attorney's fees in the amount of $5,722.00.  Further, the remaining amount of $2,861.50 that is being held by the Commissioner is to be awarded to the Plaintiff.

**ENTERED** this **20th day of July, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE